WILLIAMS, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 22, 1906.

1. **CARRIERS OF PASSENGERS: Assault Upon Passenger: Misconduct of Passenger.** A Missouri jury does not have to be instructed that it is misconduct for a passenger to use profane language in the presence of ladies. In an action by a passenger for damages received by the assault of the conductor, an instruction to the effect that it is the duty of the railroad company to protect its passengers from the annoyance caused by offensive language to passengers and that the use of such language would justify the conductor in removing a passenger to another compartment, was sufficiently favorable to the defendant.

2. ———: ———: **Punitive Damages.** In such action where the evidence tended to show that the assault was unprovoked and the conduct of the conductor wanton and malicious, a verdict for punitive damages was properly permitted.

3. ———: ———: **Excessive Verdict.** And where the plaintiff testified that a blow by the conductor upon his head caused a great deal of pain and was still a source of frequent headaches at the time of the trial, a verdict for four hundred dollars compensative damages was not excessive.

Appeal from Butler Circuit Court.—*Hon. W. N. Evans,*
Judge.

AFFIRMED.

*L. F. Parker* and *James Orchard* for appellant.

(1) Instruction number two, given on part of plaintiff, is erroneous, in that it does not define the measure of damages. It says, for the misconduct of the defendant's conductor, and does not tell the jury what they should consider in arriving at their verdict. Mize v. Gilen, 38 Mo. App. 94; Wilburn v. Railroad, 36 Mo. App. 215; McKee v. R. R., 49 Mo. App. 174; Kick v. Doerste, 45 Mo. App. 141; Lesser v. Railroad, 85 Mo. App. 326.
(2) The second instruction on part of plaintiff is erroneous for the further reason that it fails to lay down any rule to govern the jury in allowing punitive damages. In all actions of tort, before punitive damages can be recovered the testimony must show express malice, wantonness, recklessness or an oppression, and the court must define these terms to the jury. Fulkerson v. Merdock, 53 Mo. App. 151; Clark v. Fairly, 30 Mo. App. 235.

*David W. Hill* for respondent.

Plaintiff's first instruction properly declared the law, except that it was too favorable to defendant. Hicks v. Railroad, 68 Mo. 329; O'Donnel v. St. Louis Transit Co., 107 Mo. App. 34, 80 S. W. 315; Tanger v. Railroad, 85 Mo. App. 28; Haehl v. Railroad, 119 Mo. 325, 24 S. W. 737; Rouse v. Railroad, 41 Mo. App. 298; Railroad v. Prentice, 147 U. S. 101. (2) Plaintiff's second instruction was proper. Hicks v. Railroad, 68 Mo. 329; St. Clair v. Railroad, 29 Mo. App. 81.

BLAND, P. J.—On December 25, 1902, plaintiff was a passenger on one of defendant's trains traveling

south from Poplar Bluff, in this State. Plaintiff's evidence tends to show that while he was peaceably in the car, the conductor of the train accosted him in a rude, violent manner, struck him on the head, arm and hand with a revolver and forced him from the first-class passenger coach, where he was and had a right to be, into the smoking car. To the contrary, defendant's evidence tends to show that plaintiff entered the car, where there were ladies, in an intoxicated condition, was indecent in his behavior, used loud, offensive and profane language, to the disturbance of the ladies and other passengers, and persisted in this misconduct, though warned by the conductor to desist, until it became necessary, for the protection of the other passengers, to remove him from the car; that he was removed in an orderly and peaceable manner and was not assaulted or struck by the conductor.

The court gave the following instructions for the plaintiff:

"The court instructs the jury that if you believe and find from the evidence in this cause that the defendant's conductor wrongfully and recklessly cursed plaintiff and assaulted plaintiff by striking him on the head, arm and hand with a pistol and forcibly ejected plaintiff from the car by punching plaintiff in the back with a pistol and that prior to such assault plaintiff had not been requested to leave said car by any one, and that plaintiff had not at any time used improper language and had not been guilty of improper conduct, then you will find the issues in this cause for the plaintiff.

"The court instructs the jury that, if you find the issues in this cause for the plaintiff, you should assess his damages at such sum as you may believe from the evidence will be a fair compensation to him for any pain of body or mind suffered by him as a result of the wrongful act of defendant's conductor, not to exceed the sum of one thousand dollars, and, if you further find that

the wrongful acts of defendant's conductor towards plaintiff were malicious and wanton, you may assess such further damages by way of punishment as you see fit, not to exceed the sum of three thousand dollars."

And the following for defendant:

"You are instructed that it is the duty of the railroad company carrying passengers to protect those passengers from rude, boisterous or unseemly conduct on the part of other passengers, and from annoyance caused by the use of profane, obscene or vulgar language by other passengers, and if in this case you find that at or immediately prior to the time defendant's conductor compelled this plaintiff to move from one car to another or from one compartment to another, he was rude, boisterous or was using profane, obscene or vulgar language in the presence of the other passengers, then the conductor did no more than he was authorized to do, and your verdict should be for the defendant."

The jury returned the following verdict:

"We, the jury, find the issues in this cause for the plaintiff and assess his personal damages at $400. Furthermore we assess $150 as punishment damages against the defendant.—J. N. CARDWELL, Foreman."

A timely motion for new trial was filed and overruled, whereupon defendant appealed.

1.    Defendant's chief contention is that the court failed to define the duties of the conductor, or to define what would be misconduct of a passenger traveling in a first-class passenger coach in which there were ladies. We do not think it necessary to instruct the average Missouri jury, that it would be misconduct, on board a railroad car, or elsewhere for that matter, for any one to use profane and vulgar language in the presence of ladies.    If defendant's able counsel is of the contrary opinion and thought such an instruction to a Butler county jury necessary, he should have asked it.    The defendant's instruction was sufficient to inform the jury

of defendant's duty to protect its passengers and of the right of the conductor of the train to enforce such protection. No further instruction on this score was needed.

2. We see no objection to the instruction on the measure of damages; in fact, other elements of damages, not mentioned in the instruction, might have been included. On the plaintiff's evidence, the case was a proper one for the assessment of punitive damages, as it tended to show the assault was unprovoked, and the conduct of the conductor wanton, reckless and malicious.

3. Complaint is made that the compensatory damages are excessive. Plaintiff testified that the blow upon his head 'caused him a great deal of pain and was still the source of frequent headaches.

In Waechter v. Railroad, 113 Mo. App. 270, in respect to similar evidence in a like case, we held:

"Where pain of body and mental anguish, resulting from an injury, are elements which enter into the estimate of damages sought to be recovered, the question of amount is one which must be deferred to the jury and the trial court; a verdict of the jury in such a case will not be disturbed on account of being excessive, unless so excessive as to shock the moral sense, or else it clearly appears that the jury was influenced by passion or prejudice."

We do not think the damages are excessive or indicate that the jury was influenced by passion or prejudice.

The judgment is affirmed. All concur.